Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>USHEALTH GROUP, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(b)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TERRY FABRICANT ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

///

///

---

CLASS ACTION COMPLAINT

- 1 -

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of USHEALTH GROUP, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227, *et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware corporation located in Texas. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing in Los Angeles County, California and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a Texas corporation, which is in the business of selling insurance products and services, and is a "person" as defined by 47 U.S.C. § 153(39).

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. On or about July 26, 2018, Defendant contacted Plaintiff on his cellular telephone number ending in -9244, in an attempt to solicit Plaintiff to purchase Defendant's products or services.

9. When Plaintiff answered Defendant's call to his cellular telephone on or about July 26, 2018, he heard an artificial or prerecorded voice on the other end of the line.

10. On information and belief, Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or or an "artificial or prerecorded voice" to place its call to Plaintiff, seeking to solicit Plaintiff to purchase Defendant's insurance products and services.

11. Defendant contacted or attempted to contact Plaintiff from telephone number 323-985-9181.

12. Defendant's call to Plaintiff constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

13. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

14. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class defined as follows:

> All persons within the United States who received telephone calls from Defendant to said persons' cellular telephones, made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, who had not granted Defendant their prior express consent for placement of such calls, within four years prior to the filing of the Complaint in this Action through the date of class certification.

15. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received telephone calls from Defendant to said persons' cellular telephones, made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, who had not provided their prior express consent to receive such calls, within four years prior to the filing of the Complaint in this Action.

16. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

17. The Class members are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class

members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

18.  Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain charges or reduced telephone time for which Plaintiff and the Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class.

19.  Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between the Class members, and which may be determined without reference to the individual circumstances of any the Class members, include, but are not limited to, the following:

    a.  Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice, to any telephone number assigned to a cellular telephone service;

    b.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c.  Whether Defendant should be enjoined from engaging in such

conduct in the future.

20. As a person who received a call from Defendant using an automatic telephone dialing system and/or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.

21. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

22. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all of the Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

23. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

24. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(b)

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227(b)(1)(A).

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff and the Class members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the

### Telephone Consumer Protection Act

### 47 U.S.C. § 227(b)

29. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227(b)(1)(A).

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §

227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32.   Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. § 227(b)

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the

## Telephone Consumer Protection Act

## 47 U.S.C. § 227(b)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).
- Any and all other relief that the Court deems just and proper.

33.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

///

Respectfully Submitted this 2nd Day of November, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff